Thomas M. SMITH, Appellant,

v.

Carolynn R. SMITH, Respondent.

No. 40085.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 10, 1979.

Motions for Rehearing and/or Transfer to Supreme Court Denied Sept. 17, 1979.

Application to Transfer Denied
Oct. 10, 1979.

Francis L. Ruppert, Clayton, for appellant.

C. Clifford Schwartz, Robert F. Summers, Summers & Compton, Clayton, for respondent.

REINHARD, Presiding Judge.

Dissolution of Marriage case wherein petitioner (husband) appeals from an award of maintenance and attorneys' fees to respondent (wife).

The parties were married in 1959. At the time of the marriage the wife was 19 years old and was employed as a secretary at Ozark Airlines. Husband was 20 years of age and a student at St. Louis University. She continued her employment until their first child was born some 14 months later. Four children were born of the marriage. At the date of trial in December, 1977, their ages were: girl, 17; boy, 15; girl, 12; and a girl, 10.

After the birth of the first child, the wife generally assumed the duties of homemaker. At the time of trial husband was a marketing representative for a company, earning approximately $36,000 to $40,000 per year.

The parties lived in a five or six bedroom house in West St. Louis County. The husband valued it at $128,000, with a loan of $44,000 remaining unpaid. The husband filed suit for separate maintenance in 1976 and sought a temporary restraining order barring wife from their home. This was granted. The petition was subsequently amended asking for dissolution and custody of the minor children. The wife cross-claimed asking for dissolution, custody of children, child support and maintenance.

After a two day hearing the court granted the husband custody of the children and set off to him the marital home including the furniture remaining in the home. The court also awarded the husband a 1973 Ford Station Wagon and a 1977 Chrysler Newport. He was ordered to hold wife harmless for the $44,000 real estate loan and the indebtedness on the Chrysler.

The wife was awarded some furniture, the personal property she had in her possession, and the 1976 Plymouth. She was also awarded the interest in two life insurance policies and approximately $94,000 in stocks and securities which were found to be marital property. The court found approximately $17,000 securities to be her separate property (having been received by gift and inheritance prior to and during the marriage) and then awarded her $500 per month maintenance and $2,500 attorneys' fees.

On appeal the husband complains only of the award of maintenance and attorneys' fees. It is the husband's burden to demonstrate that the total awards for maintenance constituted an abuse of discretion by the court. *Naeger v. Naeger*, 542 S.W.2d 344 (Mo.App.1976).

The husband claims that the "wife was awarded sufficient property to provide for her reasonable needs, has not sought employment, nor shown that she is unable to support herself through employment," and that under § 452.335 RSMo. 1975 Supp. she is not entitled to an award of maintenance. Further, he claims that there was insufficient evidence of her expenses to justify the award.

Husband contends that since wife did not offer her expense and income statements in evidence, there was no evidence to support the award. It is true that those statements were not offered in evidence and therefore not before the trial court for its consideration. (The mere filing of an expense statement does not put it in evidence.) However, there was other evidence of the wife's expenses before the court which supports the court's judgment. The wife testified that she did not have funds for her support and that her husband had not provided her with support money. She further testified that she borrowed approximately $11,000 from her parents for her expenses. Exhibit B which establishes expenses in the amount of $538.42 was received in evidence. At the time of the trial, wife was living in an apartment. She tried her case based on the theory that she would receive the home and custody of the children and when husband offered evidence of home expenses, she adopted the same as hers.

The trial court in its order stated that it considered all factors as set forth in § 452.-335 RSMo. 1975 Supp. in awarding maintenance. Section 452.335 (1) permits a court to award maintenance only if the spouse seeking maintenance:

(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and
(2) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

In *Beckman v. Beckman*, 545 S.W.2d 300, 302 (Mo.App.1976) this court held that maintenance is to be allowed to a wife who does not have custody of a child only when she lacks sufficient property including marital property apportioned to her, to provide for her reasonable needs and where she is unable to support herself through appropriate employment. The husband contends that wife was awarded sufficient property to provide for her needs. She was awarded

approximately $94,000 income producing marital property and the court determined that approximately $17,000 be given to her as her separate property. It appears that the court attempted to equalize the marital property with the husband receiving the home and the wife most of the other property.

The fact that she received income producing property rather than the house, does not preclude the court from considering that the income producing property would be depleted by purchase of non-income producing items which are essential for the wife to continue any type of home operation. Obviously, such purchase will be necessary to replace items of this type given to the husband. The award of $500 maintenance was within the evidence as to wife's reasonable needs taking into consideration the property awarded her.

Husband's contention that she can support herself also falls short. Husband in his petition for dissolution alleges that on November 12, 1976, the Probate Court entered an order finding wife mentally ill and of such a condition that she lacks capacity to make decisions with respect to the need for hospitalization. He was the petitioner making the request for the order. Most of husband's case for receiving custody of the children was based upon wife's mental and emotional problems. The wife denied that she had any mental problems and produced medical testimony to support her position. The court after hearing the evidence on this issue, obviously believed the evidence offered by the husband and granted him custody of the four children. The court could also take this evidence into consideration when it determined the issue of maintenance and the ability of the wife to support herself.

Under the standard of review established in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), we find that the trial court did not abuse its discretion in the award of $500 per month maintenance.

Finally husband contends that the court erred in awarding wife $2,500 attorneys' fees and costs. He contends that she

had sufficient means to prosecute the suit on her own. The evidence showed that the reasonable value of the legal services received by wife was $2,500. Need is a factor to be considered, but not the only factor in awarding attorneys' fees. *Beckman v. Beckman*, 545 S.W.2d at 302. We find no abuse of discretion here.

Affirmed.

GUNN and CRIST, JJ., concur.