Rebecca L. VOGT (formerly
Ketzner), Appellant,

v.

Joseph H. KETZNER, Respondent.

No. 43294.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 25, 1982.

Irvin L. Ruzicka, St. Louis, Gary J. Morris, Clayton, for appellant.

Harold E. Horsley, Valley Park, for respondent.

CRIST, Judge.

Wife appeals from decree of dissolution of ten year marriage. The trial court gave general custody of the couple's two children, ages nine and five, to husband, divided the marital property, and awarded wife $200.00 per month maintenance for five years. We affirm as to the trial court's award of custody and division of marital property, but modify the judgment as to limited maintenance.

The record shows substantial evidence for the trial court's order as to custody and the allocation of marital property. Believability of witnesses is for the trial court as the trier of fact. So long as there is credible evidence upon which the trial court can formulate its beliefs, we may not substitute our judgment for that of the trial court. Rule 73.01(c)(2); *Wells v. Wells*, 623 S.W.2d 19, 22 (Mo.App.1981). The judgment of the trial court on these points is supported by substantial evidence and is not against the weight of the evidence. No error of law appears and an extended discussion in this regard would have no precedential value. Rule 84.16(b).

The record in this case, however, does not justify the imposition of the five year maintenance restriction. There is no evidence or reasonable probability that wife's situation will be different in the future. *Murphy v. Murphy*, 613 S.W.2d 450, 452 (Mo.App.1981). Wife was a high school graduate who had suffered psychological problems. She had worked in the restaurant owned by her husband and after the

separation had been employed as a waitress. There was no evidence of future schooling or dramatically improved employment prospects down the line. Accordingly, the five year restriction on the maintenance is lifted, and the judgment is modified to that extent.

Judgment affirmed as modified.

REINHARD, P. J., and SNYDER, J., concur.

REINHARD, Presiding Judge, concurring.

I concur in the majority opinion, however, I want to state my view on the issue of the limitation of maintenance. Ordinarily, I believe that an appellate court should not tamper with a trial court's determination to limit the period of maintenance. If any reasonable rationale can be inferred from the record for a limitation, we should affirm the trial court's order. *See, Sansone v. Sansone,* 615 S.W.2d 670 (Mo.App.1981).

Here, however, wife lost custody of her two young children because of her mental condition. The trial court found that she has not fully recovered from her mental illness. While she is employed as a waitress at present, her future mental health is uncertain. Under these circumstances, the limitation is therefore, unwarranted. As was the case in *Smith v. Smith,* 586 S.W.2d 362 (Mo.App.1979), husband wanted to use the evidence of wife's mental condition to obtain custody, but ignore it on the issue of maintenance.