**In re Marriage of Thomas M. SMITH, Appellant,**

v.

**Carolynn R. SMITH, Respondent.**

**No. 44128.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 31, 1982.

Motion for Rehearing and/or Transfer Denied Oct. 15, 1982.

Application to Transfer Denied
Nov. 15, 1982.

Kenneth V. Byrne, Clayton, for appellant.

Robert F. Summers, Clayton, for respondent.

SMITH, Presiding Judge.

Husband appeals from the order of the trial court modifying a decree of dissolution to grant custody of one of the parties' four children to the wife and ordering support for that child. The court also refused to grant husband's motion to modify the maintenance award and ordered husband to pay approximately half of wife's attorney's fees, from which orders the husband also appeals. We affirm.

The original dissolution decree was before us in *Smith v. Smith*, 586 S.W.2d 362 (Mo. App.1979). In addition the record reflects a continuing series of motions to modify and for contempt as these two adults (at least in age) utilize the courts and their children to vent their spleen against each other. We have no inclination to review in detail and evaluate their various reciprocal charges. The trial court prepared extensive and complete findings of fact and conclusions of law in support of its order, which we find to be supported by the evidence in all relevant particulars. It is sufficient to say that the 12 year old daughter's entry into puberty, the wife's purchase of a home in close proximity to daughter's school, the wife's improved emotional condition since the dissolution, the father's remarriage, the problems between the new wife and daughter, the husband's insensitivity to his daughter's upset at the remarriage, the expressed desires of the daughter to live with her mother, and the estrangement between father and daughter—particularly evident from his *pro se* cross-examination of her [1]—estab-lish sufficient change in circumstances to support the modification of the decree regarding custody.

The evidence was also sufficient to support the court's finding that no sufficient change in financial circumstances had occurred since denial of a previous motion for modification to warrant a change in maintenance. We also find the court's award of child support and attorney's fees supported by the record under the standard mandated by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). An extended opinion would be of no precedential value and we affirm in accord with Rule 84.16(b).

Judgment affirmed.

SATZ and PUDLOWSKI, JJ., concur.

---

1. This cross-examination was terminated by the trial court because the "emotional strain is causing irreparable injury to the witness." The experienced trial judge characterized the cross-examination as the "most abusive, argumentative, and accusatory of a minor child" he had ever seen. Even a cold record evidences its intensity.