Jodie W. TOWNSON, Respondent,

v.

Issie L. TOWNSON, Appellant.

No. 48033.

Missouri Court of Appeals,
Eastern District,
Division Seven.

Nov. 27, 1984.

Gerritzen & Gerritzen, Ray A. Gerritzen, St. Louis, for appellant.

Robert L. Officer, Clayton, for respondent.

CRIST, Presiding Judge.

Dissolution of 38 year marriage. Parties' two children are emancipated. We affirm as modified.

Wife complains about the inadequacy of maintenance award, division of marital property, and inadequacy of attorney's fees. The judgment of the trial court as to the division of marital property and attorney's fees is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. An opinion with reference thereto would have no precedential value. Judgment relating thereto is affirmed in accordance with Rule 84.16(b).

The trial court awarded wife maintenance of $175.00 per month until husband retired from his job or reached the age of 65, whichever was later. At that point, the maintenance award was to be reduced to $100.00 per month. Wife was also awarded the sum of $6,500.00, denominated as marital property, payable at the rate of $50.00 per month. Husband is 55 years old and earned a net income of $333.75 per week.

It is premature to order a reduction of maintenance based on an event at least ten years in the future. There is no evidence wife's financial situation is likely to improve. She has limited employment possibilities. The reduction of maintenance ten years in the future is based on speculation and is therefore improper. *Turner v. Turner*, 650 S.W.2d 662, 664 (Mo.App. 1983); *Vogt v. Ketzner*, 634 S.W.2d 583, 583–84 (Mo.App.1982).

Accordingly, that part of the decree pertaining to maintenance is hereby amended as follows:

Petitioner is further ordered to pay respondent as and for her maintenance the sum of one hundred sevety five dollars ($175.00) per month.

The judgment as modified is affirmed.

BRUCE NORMILE, Sp.J., concurs and dissents in a separate opinion.

E. RICHARD WEBBER, Sp.J., concurs.

OPINION

I concur with the principal opinion except for that part which amends the decree to eliminate a reduction of maintenance when the husband retires or reaches the age of sixty-five, whichever is later.

In this respect, I believe that there was substantial evidence at trial to support the trial judges decree and cannot find "... that it is 'against the weight of the evidence' ... with a firm belief that the decree ... is wrong". *Murphy v. Carron*, 536 S.W.2d 30 (MO banc 1976). I do not

believe that the trial judges discretion has been abused. *Pederson v. Pederson*, 599 S.W.2d 51, 52 (MO App 1980).

The principal opinion relies on *Turner v. Turner*, 650 S.W.2d 662, 664 (MO App. 1983) and *Vogt v. Ketzner*, 634 S.W.2d 583, 584 (MO App.1982), cases which involved *termination* of maintenance after a period of years rather than a *reduction* in maintenance after the time of retirement. Those cases were distinguished and not followed in *Steinmeyer v. Steinmeyer*, 669 S.W.2d 65 (MO App 1984) as follows:

"The facts in this case differ from those in *Turner v. Turner*, 650 S.W.2d 662, 664 (MO App.1983), ... where a two year restriction was reversed, there being no evidence to justify the courts finding that appellant would become self supporting within two years where, although motivated, due to arthritis it was questionable that she would be able to support herself even after completing her education; ... or *Vogt v. Ketzner*, 634 S.W.2d 583 (MO App.1982), in which a five year restriction was disapproved where the wife suffered from psychological problems."

As to reduction of maintenance in this case, the trial judge obviously considered all of the statutory factors under Section 452.335.2 RSMo. 1978, and the trial intangibles of the appearance and demeanor of the parties as it related to their physical and mental conditions. The court may also have considered its view of the equity of its division of marital property. (In this respect it should be noted that the husbands McDonnell Douglas retirement program valued at $18,042.00, was set aside to him as his share of marital property. This was offset by other property and cash payments set aside to the wife as her share of marital property.)

More importantly the court could have considered that the husband's income was over $1400.00 a month at the time of trial, but, upon retirement, his income would be reduced to $340.00 per month from the McDonnell Douglas plan. Thus the husband's ability to meet his own needs while meeting those of the wife, under the sixth factor of Section 452.335.2, will be sharply and dramatically reduced upon his retirement. The court could also have considered that the husband had previously been charged with the retirement program in its allocation of the marital property. There is no evidence in this case that the husband will have any other income after retirement. To assume that he would, and thus could continue maintenance at the same level, is completely speculative and improper. *In Re Marriage of Powers*, 527 S.W.2d 949 (MO App.1975).

The trial court could further have considered that both parties would be entitled to Social Security benefits upon the husbands account at the time of his retirement in as much as they were married for a period of more than ten years prior to the dissolution. 42 U.S.C.A. Secs. 402(b)(1), 416(d)(1). Thus the wife's ability to meet her needs independently under the first factor of Section 452.335.2 would also be increased at the time of the husband's retirement.

Although awards of limited duration should not be based on speculation as to the future condition of the parties, awards of limited duration are entirely proper where the trial court has before it evidence of some impending change in the financial condition of the parties or at least some reasonable expectation of such changes. *In Re Marriage of Powers*, supra. In this case the trial court had before it evidence of a precise "impending change in the financial condition" of the parties at the time of the husbands retirement. Our Supreme Court, in *Doerflinger v. Doerflinger*, 646 S.W.2d 798 (MO Banc 1983), recognized the wide latitude granted the trial judge in decreeing maintenance and its duration. *Doerflinger* further ruled that limited maintenance depends not on an assessment of future events but upon whether there is substantial evidence at the time of the decree to justify the imposition of a limitation. I believe that the evidence here meets that requirement.

In effect the husband is currently required to pay 13% of his monthly income as maintenance ($1400.00 income: $175.00 maintenance). Under the trial court's order, upon retirement the husband would have been paying 29% of his (separate marital property) income as maintenance ($340.00 income: $100.00 maintenance). Under the principal opinion, upon retirement, the husband will be paying 51% of his (separate marital property) retirement income as maintenance ($340.00 income: $175.00 maintenance). Although it may be arguable that the result of the principal opinion is a preferable one, that does not establish that the trial court's order was not based on substantial evidence. As suggested in the concurring opinions in the *Turner* and *Vogt* cases:

> "... An appellate court should not tamper with a trial courts determination to limit the period of maintenance. If any reasonable rationale can be inferred from the record for a limitation we should affirm the trial courts order. See *Sansone v. Sansone*, 615 S.W.2d 670 (MO App.1981)."

I would affirm the trial judge's decree in all respects.