In re the Marriage of William I. WITWICKY, Petitioner-Appellant,

v.

Jacqueline L. WITWICKY, Respondent.

No. 51375.

Missouri Court of Appeals, Eastern District, Division One.

April 21, 1987.

Mason W. Klippel, Clayton, for petitioner-appellant.

Theodore S. Schechter, Bruce E. Friedman, Clayton, for respondent.

SATZ, Presiding Judge.

In this action, the husband filed a motion to modify his court ordered maintenance and child support obligations. The trial court granted the wife's motion to dismiss. The husband appeals. We affirm.

The husband and the wife were divorced on April 19, 1984. The wife was awarded custody of three minor children, and the husband was ordered to pay the wife child support of $54.33 per week, per child and maintenance of $60.00 per week. The husband appealed, and this court affirmed. *Witwicky v. Witwicky,* 689 S.W.2d 844 (Mo.App.1985).

The husband filed his present motion to modify on July 30, 1985. In it, he alleges a substantial and continuing change in the circumstances of the parties subsequent to the dissolution decree, because: (1) At the time of the entry of the dissolution decree, he was able to and did work overtime; (2) The overtime is no longer available, and, thus, his income has decreased substantially; (3) Because of this decrease in income he can no longer meet previously ordered maintenance and child support payments and still meet his reasonable financial needs; (4) The minor children are no longer of "tender age", and, thus, there is no longer any reason why the wife cannot seek employment outside the home and support herself.

In her motion to dismiss, the wife states the husband does not state a claim upon which relief can be granted, because (1) his allegations do not constitute a "substantial and continuing change in the circumstances of the parties", and (2) his allegation of unavailability of overtime was an issue considered and disposed of in the dissolution hearing. To support her assertions, the wife cites specific parts of the dissolution transcript and of the husband's appellate brief in the dissolution case.

A record was made of the hearing on the wife's motion to dismiss. At the hearing, the wife's counsel requested the court to take judicial notice of the entire dissolution file, "including the appellate file". The husband's counsel requested the court to take judicial notice of the dissolution transcript and "the garnishment file". Both counsel referred to specific parts of the dissolution transcript in their arguments. Although the trial court did not explicitly state it would take judicial notice of the files requested, it did grant the wife's motion to dismiss "for all [the reasons] stated in the Motion." Moreover, it is clear from the record both counsel made most, if not all, of their arguments with the presupposition the court would be taking the judicial notice requested. From this, it is clear the record before the court was expanded to include not only the parties' pleadings but also evidence outside the pleadings. Thus, the trial court converted the wife's motion to dismiss to a motion for summary judgment. Rule 55.27; *see, e.g., Ellis v. Jewish Hospital of St. Louis,* 581 S.W.2d 850, 851 (Mo.App.1979).

The husband's alleged reduction of income because of unavailable overtime was raised and addressed at the dissolution hearing. During direct examination, the husband described the then present unavailability of overtime work:

Q: Are you working overtime presently?

A: Not as of now.

Q. Do you have an opportunity to work overtime presently?

A: Not right now.

Q: Why is that?

A: It ran out last weekend.

And, during recross-examination, he noted the uncertainty of overtime work being available:

Q: Incidentally, there is no overtime; is that going to be out forever?

A. I don't know forever, sir. For right now it is, yes.

The husband's present allegations in his motion to modify do not raise a different issue. He simply alleges overtime work has not been available since the dissolution. He does not allege the unavailability of overtime work is permanent. In short, the issue of unavailable overtime work was adjudicated at the dissolution hearing; the dissolution decree is res judicata on that issue; and, thus, the husband has failed to show that adjudication has become unreasonable because of a substantial and continuing change of circumstances. *E.g., Langwell v. Langwell,* 559 S.W.2d 65, 66 (Mo.App.1977).[1]

 The husband's second ground for modification is even less compelling. He alleges the children are now older, which, he asserts, enables the wife to seek employment outside the home to support herself.

At the time of the dissolution decree, the children's ages were nine, ten and thirteen. At the time of the present hearing below, they were 15 months older. The children becoming fifteen months older was expected and predictable at the time of the dissolution hearing; *See, In Re Marriage of Cook,* 636 S.W.2d 419, 421 (Mo.App.1982). In addition, the children are still of school age. This change, standing alone, is not sufficient to trigger the relief sought by the husband. *Id.; See, e.g., Foster v. Foster,* 673 S.W.2d, 108, 110 (Mo.App.1984). Thus, this allegation of the husband does not even state a claim for relief.

 Moreover, at the dissolution hearing the wife's facts showed: she was a full-time mother for nine or ten years prior to the dissolution hearing; she was unemployed at the time of the dissolution hearing; she had not had a full-time job outside the home since the birth of the youngest child; she had a high school education and a six month secretarial course after high school; she never worked as a secretary, however, and had not kept up those skills. In short, the issue of the wife's maintenance as raised in the husband's motion was addressed at the dissolution hearing and disposed of by the dissolution decree. Thus, in the present case, there was nothing of record before the trial court to support the husband's request for change in maintenance. *See, e.g., Calicott v. Calicott,* 677 S.W.2d 953, 956 (Mo.App.1984).

Judgment affirmed.

CRIST and KELLY, JJ., concur.

---

**1.** We do not address the question whether an allegation of reduction in the husband's income, without more, states a claim for relief, see *Nagel v. Nagel,* 561 S.W.2d 693, 694 (Mo.App. [E.D.] 1978); *But see, Calicott v. Calicott,* 677 S.W.2d 953, 955–56 (Mo.App. [S.D.] 1984); *Early v. Early, 659* S.W.2d 321, 323–324 (Mo.App. [W.D.] 1983), nor whether allegations of reduction in the husband's income and an inability for him to meet his financial needs state a claim for relief. *See Nagel, Calicott* and *Early.*