**Anne Marie HAYNES, Appellant,**

v.

**Wasif Fadel Mohammed ALMUTTAR, Respondent.**

**No. WD 57696.**

Missouri Court of Appeals, Western District.

Aug. 29, 2000.

668

Craig D. Ritchie, St. Joseph, for appellant.

Thomas R. Summers, St. Joseph, for respondent.

Before: SPINDEN, C.J., and BRECKENRIDGE and HOWARD, JJ.

VICTOR C. HOWARD, Judge.

Anne Marie Haynes appeals the trial court's judgment modifying a decree of dissolution of marriage with regard to her award of maintenance. Haynes raises three points on appeal. First, she claims the trial court erred in modifying her maintenance award because her former husband, Wasif Fadel Mohammed Almuttar, failed to demonstrate a substantial change of circumstances warranting modification. Second, Haynes claims the trial court erred in prospectively ordering that her maintenance decrease by one-fifth each year for five years until the maintenance terminates because Almuttar failed to present evidence of an imminent change in her financial condition. Third, Haynes claims the trial court erred in designating her maintenance as non-modifiable because the court lacks the statutory authority to make such a designation in a judgment modifying maintenance.

We reverse and remand.

## Facts

On October 27, 1994, the trial court entered a judgment dissolving the marriage of Anne Marie Haynes and Wasif Fadel Mohammed Almuttar. The court ordered Almuttar to pay child support in the amount of $2,677 per month and spousal maintenance in the amount of $2,800 per month. The court found that Haynes was unable to support herself through appropriate employment and was the custodian of the minor children whose condition and circumstances made it appropriate that she not be required to seek employment outside the home.

On October 28, 1998, Haynes filed a motion to modify the decree of dissolution of marriage as to child support and maintenance. On November 17, 1998, Almuttar filed an answer and counter-motion seeking to reduce child support and terminate spousal maintenance. Following trial, the court entered its judgment modifying the decree of dissolution of marriage, reducing Haynes' maintenance. The court found that "the maintenance should be reduced in order to encourage [Haynes] to be self-supporting." The trial court held as follows:

Effective January 1, 2000, Respondent shall pay to Petitioner periodic spousal maintenance in the amount of ... $2,240.00 per month ... until January 1, 2001, when Respondent shall pay to Petitioner periodic spousal maintenance in the amount of ... $1,680.00 per month ... until January 1, 2002, when Respondent shall pay to Petitioner periodic spousal maintenance in the amount of ... $1,120.00 per month ... until January 1, 2003, when Respondent shall pay to Petitioner periodic spousal maintenance in the amount of ... $560.00 per month ... to terminate upon the payment made on the 1st day of December, 2003. This maintenance order is non-modifiable....

* * * * *

This appeal follows.

## Standard of Review

 Our review of a ruling on a motion to modify maintenance is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. We accept as true the evidence and all inferences therefrom that are favorable to the trial court's judgment and disregard all contrary evidence. We will defer to the trial court even if the evidence could support a different conclusion. *Sprouse v. Sprouse*, 969 S.W.2d 836, 837–38 (Mo.App. W.D.1998) (citations omitted). We give deference to the trial court's greater opportunity to judge the credibility of witnesses and the weight given opinion evidence. *Markowski v. Markowski*, 736 S.W.2d 463, 465 (Mo.App. W.D.1987). The trial court is given considerable discretion as to the allowance and the amount of maintenance payments, and it is the appellant's burden on appeal to demonstrate an abuse of that discretion. *Id.* When, as here, the record contains no formal request for findings of fact and conclusions of law, all fact issues relative to this appeal are deemed found in accordance with the trial court's judgment. *Stoutimore v. Stoutimore*, 684 S.W.2d 344, 345 (Mo.App. W.D.1984).

## Point I

Haynes' first point on appeal is that the trial court erred in modifying her maintenance award because Almuttar failed to demonstrate a substantial change of circumstances warranting modification.

Section 452.370.1 [1] provides, in relevant part, as follows:

Except as otherwise provided in subsection 6 of section 452.325, the provisions

1. All statutory references are to RSMo Cum. Supp.1998.

of any judgment respecting maintenance ... may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. In a proceeding for modification of any ... maintenance judgment, the court, in determining whether or not a substantial change in circumstances has occurred, shall consider all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other person with whom he or she cohabits, and the earning capacity of a party who is not employed.

\* \* \* \* \*

■ Changed circumstances sufficient to support modification of maintenance must be proven by detailed evidence. *Lemmon v. Lemmon,* 958 S.W.2d 601, 603 (Mo.App. W.D.1998). "The statutory standard for modification is designed to be strict so as to discourage recurrent and insubstantial motions for modification." *Id.* The burden of proving a substantial and continuing change of circumstances rests with the moving party. *Id.* "Not every change of circumstances will automatically justify a modification of an original dissolution decree, as these motions will be 'appropriate only in unusual situations.'" *Crawford v. Crawford,* 986 S.W.2d 525, 528 (Mo.App. W.D.1999), quoting *McKinney v. McKinney,* 901 S.W.2d 227, 229 (Mo.App.1995). "In a modification proceeding, the concept of 'changed circumstances' entails a departure from prior known conditions." *Lemmon,* 958 S.W.2d at 604.

The original award of maintenance in the decree of dissolution of marriage provided as follows:

Petitioner lacks sufficient property, including marital property apportioned to her to provide for her reasonable needs; is unable to support herself through appropriate employment; and, is the custodian of the minor children whose ' condition and circumstances make it appropriate she not be required to seek employment outside the home; and the Respondent is able-bodied and well able to contribute to the support of the Petitioner.

\* \* \* \* \*

■ Haynes contends that she considered the trial court's findings in the dissolution decree a "mandate" for her to not work. While we do not find that the language in the trial court's decree was a mandate that Haynes not work, the trial court's plain language indicates that she was not *required* to seek employment.

■ However, six years have passed since the decree of dissolution. At the time of the dissolution, the children were 8, 10, and 13 years old. The fact that the children are six years older now may not, by itself, warrant a modification of maintenance. *Witwicky v. Witwicky,* 728 S.W.2d 313, 315 (Mo.App. E.D.1987) (finding that where the school-age children becoming fifteen months older was expected and predictable at the time of the dissolution hearing, that change was not sufficient to warrant a maintenance modification). However, there was other evidence presented that indicated that since the original dissolution decree, a substantial and continuing change had taken place which would allow Haynes to work outside the home and help support herself. While Haynes placed great emphasis on adherence to Islam's requirement that a parent supervise the children at all times, there was evidence presented that Haynes spends several evenings a week working out at a gym. In addition, Haynes testified that the Islamic religion was "forced" on her during the marriage, and at the time of the divorce she asked her lawyer if she should start taking the children to church. Furthermore, Haynes testified extensively about what the children were "supposed" to do to conform with the Islamic religion, but not that they actually adhered to the requirements. The trial

court could have reasonably found that Islam and its requirements were less important to Haynes now than they were at the time of trial, and that constituted a substantial and continuing change of circumstances.[2] However, because Haynes could have reasonably thought from the initial decree that the trial court was not requiring her to work, we decline to find the changes warranted modification at the time of trial. Point I is granted.

## Point II

Haynes' second point on appeal is that the trial court erred in modifying her maintenance award by prospectively ordering that maintenance decrease by one-fifth each year for five years until the maintenance terminates because such a modification requires substantial evidence of an imminent change in the recipient's financial condition and Almuttar failed to present such evidence. Haynes argues that she has not worked for eighteen years, is responsible for unemancipated minor children, has no job prospects, and even if she was employed, she would not be able to meet her reasonable needs. Haynes further argues that Almuttar has the financial ability to assist with her financial needs.

■■■■ "Although the trial court has broad discretion in determining the amount and duration of maintenance . . ., a decision to limit maintenance is justified only where substantial evidence exists of an impending change in the financial conditions of the parties." *Tillock v. Tillock*, 877 S.W.2d 161, 162 (Mo.App. E.D.1994). "Maintenance awards of limited duration cannot be based on mere speculation as to the future conditions of the parties." *Id.* In determining a spouse's ability to support herself in the future, "the trial court may consider probable future prospects, but the evidence must justify the inference

that the spouse will realize such expectations." *Burrus v. Burrus*, 754 S.W.2d 882, 886 (Mo.App. W.D.1988). "Maintenance shall not be prospectively decreased or terminated if there is no evidence nor reasonable expectation that the circumstances of the parties will be markedly different in the future." *Id.* Absent substantial evidence of an impending change in the spouse's financial condition, "the trial court must award maintenance for an unlimited duration with the award being subject to modification when and if the spouse's financial condition improves." *Friedman v. Friedman*, 965 S.W.2d 319, 324 (Mo.App. E.D.1998).

■■■■ The evidence before the trial court was that Haynes is a registered nurse who has maintained her certification. However, at the time of trial, she had not worked for eighteen years. Almuttar testified that the nurses at the hospital where he works get paid $11.50 or $11.95 entry wages, with a maximum of $19.00. Almuttar further testified that the hospital was hiring nurses for the day and evening shifts, and that Haynes "can work part-time." Haynes testified that she had previously looked for work as a nurse, but the only shift available was the 11:00 p.m. to 7:00 a.m. shift. She also testified that she has registered with a Maryville job service, which would contact her if a full- or part-time nurse job became available.

There was no evidence presented that any hospital would hire Haynes after an eighteen-year absence from the work force, nor was there any evidence of how much Haynes could earn, or that she could meet her reasonable expenses through part-time work at any time during or after the five-year period over which maintenance was to be reduced and terminated. In addition, the trial court did not even impute any income to Haynes. We find that the trial court's reduction and termi-

---

2. Haynes contends that the trial court found that there was not a substantial and continuing change of circumstances. However, taken in context, the court's remark was that

there had not been "a substantial and continuing change in the circumstances *that would give rise to a change in the situation to increase anything.*" (Emphasis added.)

nation of maintenance over a five-year period is based on speculation and is therefore improper. *See Townson v. Townson*, 681 S.W.2d 527 (Mo.App. E.D.1984); s*ee also Goodin v. Goodin*, 5 S.W.3d 213, 219 (Mo.App. S.D.1999) (finding that a trial court's expectation that former wife start work within six months and be self-supporting in eighteen months would ordinarily be too uncertain to constitute a reasonable expectation of substantial change in financial circumstances).

However, we find that due to the substantial and continuing change of circumstances, Haynes may no longer rely on the statement in the dissolution decree that she is not required to seek employment.

> [D]ependency of a spouse is not presumed but self-sufficiency is to be encouraged. Justice does not require provision of support to a spouse who is or may be prepared to become self-supporting. The failure of the supported spouse to make a good faith effort to seek employment and achieve financial independence within a reasonable time may form the basis for modification of a maintenance award.

*Markowski*, 736 S.W.2d at 466. "Passive acceptance of support for an extended period without significant efforts to become self-sufficient is what offends the recipient spouse's duty." *Ellis v. Ellis*, 970 S.W.2d 416, 419 (Mo.App. W.D.1998). In accordance with *Markowski*, if Haynes fails to make a good-faith effort to seek employment and work toward achieving financial independence within a reasonable time following this court's mandate, such failure may form the basis for modification of her maintenance award in the future. Point II is granted.

### Point III

Haynes' third point on appeal is that the trial court erred in designating her maintenance as non-modifiable because the court lacks the statutory authority to make such a designation in a judgment modifying maintenance. Haynes contends that § 452.335, which authorizes a court to make such a designation, applies only to initial decrees of dissolution.

In *Gerecke v. Gerecke*, 954 S.W.2d 665, 670–71 (Mo.App. S.D.1997), the southern district of this court found as follows:

> We note that upon entry of a dissolution of marriage decree where maintenance has been awarded, the trial court should conform its judgment to § 452.335 and indicate whether the judgment is modifiable or non-modifiable. *See* § 452.335.3; *Spauldin v. Spauldin*, 945 S.W.2d 665, 669 (Mo.App. 1997). However, § 452.335 applies only to maintenance awards which the court initially orders pursuant to a marriage dissolution decree. *Sifers v. Sifers*, 544 S.W.2d 269, 270 (Mo.App.1976); *see also Williams v. Williams*, 932 S.W.2d 904, 906 (Mo.App.1996). A modification of maintenance is governed by § 452.370. *Id.* There is no statutory authority contained in § 452.370 to permit a trial court to designate a modification of maintenance judgment as either modifiable or non-modifiable. *See* § 452.370.

\* \* \* \* \*

We agree with the court's holding in *Gerecke*, and find that the trial court was without statutory authority to designate its judgment non-modifiable with respect to the maintenance modification. Point III is granted.

### Conclusion

The judgment of the trial court modifying the maintenance award by decreasing maintenance one-fifth each year is reversed and the case is remanded to the trial court with instructions to overrule Almuttar's motion to modify.

SPINDEN, C.J., and
BRECKENRIDGE, J., concur.