Stewart A. **PERSKY**, Appellant,

v.

Gail M. **PERSKY**, Respondent.

Nos. ED 79224, ED 79916.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 4, 2003.

William E. Albrecht, St. Louis, MO, for appellant.

Lawrence G. Gillespie, Clayton, MO, for respondent.

ROBERT G. DOWD, JR., Presiding Judge.

This appeal involves appeals from two separate judgments concerning the same parties. The appeals were consolidated and will be addressed together. Stewart A. Persky (Husband) appeals from the judgment of the trial court denying his motion to modify maintenance paid to Gail M. Persky (Wife) pursuant to the judgment of dissolution of marriage. Husband maintains the trial court erred in denying his motion to modify maintenance because the judgment is not supported by substantial evidence in that the evidence showed Wife failed to make a good faith effort to seek employment and achieve financial independence within a reasonable time. Be-

cause we find the trial court's denial of Husband's motion to modify is supported by the evidence, we affirm the judgment.

Husband also appeals from the trial court's judgment of contempt and order of commitment against Husband and the trial court's denial of his motion for contempt against Wife. Husband contends the trial court erred in entering a judgment of contempt and order of commitment against him because Husband was not represented by counsel and did not waive his right to counsel, and because there was no substantial evidence to support the trial court's finding of contempt. Husband also argues the trial court erred in denying his motion for contempt against Wife because she failed to comply with the terms of the judgment of dissolution of marriage. Because we find Husband was not advised of his right to counsel, we reverse the trial court's judgment of contempt and order of commitment. We do, however, affirm the trial court's denial of Husband's motion for contempt against Wife.

■ Husband and Wife were married on June 24, 1974. The parties' marriage was dissolved on September 11, 1998. The parties' dissolution was not contested and they entered into a consent decree. Pursuant to that judgment of dissolution of marriage, the parties were given joint legal custody of their three children with primary physical custody given to Wife and with temporary physical custody rights given to Husband. Further, Husband was ordered to pay periodic maintenance to Wife in the amount of $1,600 per month, subject to modification, and child support in the amount of $1,291 per month. On November 13, 1998, Husband filed his first motion to modify the dissolution decree, seeking inter alia, to terminate or reduce the award of periodic maintenance. On January 28, 1999, Husband filed his first amended motion to modify. After hearing the motion as a contested matter, the trial court denied Husband's motion on October 10, 2000. The trial court found that Wife remains "unable to support herself through appropriate, available employment and [Husband] remains able to financially assist her." Husband filed a motion to set aside the judgment or in the alternative, motion for new trial, which was deemed denied on February 5, 2001, when not ruled on in ninety days. After the granting of Husband's motion to file a late notice of the appeal on August 21, 2001, this appeal follows.[1]

The second judgment being appealed was entered on February 13, 2001. The facts leading up to this second judgment are as follows. On August 2, 2000, Wife filed a motion for contempt against Husband for failure to pay maintenance in compliance with the judgment of dissolution of marriage. On October 17, 2000, Husband filed a motion for contempt against Wife for failing to comply with the provision of the dissolution decree requiring her to execute certain IRS forms, if Husband is current with his child support obligations. The motions were heard together on February 13, 2001. At the evidentiary hearing, Wife was represented by counsel and Husband proceeded pro se. The trial court entered a judgment of contempt against Husband and a judgment

---

1. Wife filed a motion to dismiss Husband's appeal or, in the alternative, to strike Husband's brief that was taken with the case. Wife complains that Husband's points relied on fail to comply with Rule 84.04(d), he fails to state the applicable standard of review as required by Rule 84.04(e), and he fails to cite authority to support his fifth point. While Husband's brief does not flawlessly comply with Rule 84.04, we will, however, address the merits of his claims. Wife's motion to dismiss the appeal or, in the alternative, to strike Husband's brief is denied.

denying Husband's motion for contempt against Wife. Husband was incarcerated on February 13, 2001. Husband was released from jail upon court order on March 22, 2001. This appeal follows.

Husband's first point concerns the October 10, 2000, judgment denying his motion to modify. Husband argues the trial court erred in denying his motion to modify because the judgment is not supported by substantial evidence. Husband maintains the evidence showed Wife failed to make a good faith effort to seek employment and achieve financial independence within a reasonable time.

■■■ Our review of a ruling on a motion to modify maintenance is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Haynes v. Almuttar*, 25 S.W.3d 667, 671 (Mo.App.W.D.2000). We will affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy*, 536 S.W.2d at 32. We accept as true the evidence and all inferences therefrom that are favorable to the trial court's judgment and disregard all contrary evidence. *Haynes*, 25 S.W.3d at 671. We will defer to the trial court even if the evidence could support a different conclusion. *Id.* Furthermore, we give deference to the trial court's greater opportunity to judge the credibility of witnesses and the weight given opinion evidence. *Id.*

■■ In a proceeding to modify a maintenance award, the burden is on the movant to establish changed circumstances so substantial and continuing as to make the terms of the dissolution decree unreasonable. Section 452.370, RSMo 2000; *Bauer v. Bauer*, 28 S.W.3d 877, 882 (Mo.App.

E.D.2000). Here, Husband failed to demonstrate a change in circumstance sufficient to support a modification. At the time of the dissolution, Wife had no income and yet had income imputed to her in the amount of $1000. At the modification hearing, Wife presented evidence that she had a gross income of $600 per month. Wife testified she has made efforts to get a job with several school districts, the Missouri Division of Youth Services, and various other sales positions. Wife received no job offers from these efforts. Wife has a lifetime teaching certificate, but remained out of the professional work force for approximately eighteen years prior to the dissolution. Through a vocational expert, Husband presented evidence that there was a strong demand for teachers with lifetime certificates and that the salary range was between $25,000 and $50,000 per year. However, the trial court judges credibility. *Haynes*, 25 S.W.3d at 671. The trial court's judgment denying Husband's motion to modify is supported by the evidence and is not against the weight of the evidence and is, therefore, affirmed. Point denied.

In his next two points, Husband turns to the February 13, 2001, civil contempt judgment. In his second point, Husband contends the trial court erred in allowing him to proceed without counsel in a civil contempt proceeding when there was a significant likelihood of imprisonment when he did not knowingly and intelligently waive his right to be represented by counsel under the Fifth and Fourteenth Amendments of the United States Constitution.[2]

■■■ In a proceeding for civil contempt to compel compliance with a court order, the Due Process Clauses of the

---

2. Wife raises a preservation issue, but we do not find Husband's claim of error to be un-   preserved.

Fifth and Fourteenth Amendments to the United States Constitution confer upon the alleged contemnor the right to be represented by counsel. *Hunt v. Moreland,* 697 S.W.2d 326, 328 (Mo.App.1985). In such a proceeding, an order of incarceration cannot be upheld if the unrepresented accused is not advised of his right to counsel and in the absence of representation by counsel or a knowing and intelligent waiver of counsel. *Id.* at 329–30; *Bewig v. Bewig,* 784 S.W.2d 823, 825 (Mo.App. E.D.1990).

At the beginning of the contempt hearing, the following exchange occurred between the trial court and Husband:

THE COURT: ... I want you to understand, sir, that contempt carries with it the penalty of going to jail, as well as monetary penalties and other things. And I want you to be very—I want to be real clear about that and the fact that you want to proceed representing yourself.

[HUSBAND]: Your Honor, I have an opening statement I'd like to make.

THE COURT: Well, that's not what I'm asking you. I'm asking you, sir, you're ready to proceed representing yourself; is that correct?

[HUSBAND]: Yes, I am.

From this dialogue we are not convinced that the trial court properly informed Husband of his right to counsel.[3] Therefore, Husband cannot be said to have knowingly and intelligently waived that right to counsel. The trial court erred in proceeding without specifically advising Husband of his right to counsel and without a knowingly and intelligently waiver of Husband's right to counsel. Point granted.[4]

In his fourth and final point, Husband argues the trial court erred in denying his motion for contempt against Wife because the evidence was undisputed that Wife had a duty to execute the IRS forms and that Husband was current in his child support payments, and Wife nonetheless failed to execute the forms. Husband further asserts, in the alternative, that the trial court should have ordered Wife to execute the forms and deliver them to Husband.

The parties' judgment of dissolution of marriage provided, in part:

[D]uring any year in which Husband fully discharges his obligation of support of the minor children, husband shall have the right to all three dependency and/or tax credits for tax purposes attributable to the support of Jason, Jessica, and Nicole as available under section 151 of the Internal Revenue Code, as amended, or the corresponding sections of any successor statute. In this regard[,] Wife shall execute all necessary documents and waivers necessary to accomplish the purpose of this paragraph, including, but not limited to, U.S. Treasury Form 8332.

Husband filed a motion for contempt against Wife for failing to provide him with the proper IRS forms for 1999 and 2000 when Husband was current with his monthly child support payments. The trial court denied Husband's motion for contempt. Wife testified that she was never supplied the forms. Furthermore, Husband did claim the exemptions in his taxes for those years. We find no abuse of

---

**3.** We note that Husband's motion for contempt was continued and reset several times prior to the eventual hearing on the matter. The record fails to show that Husband was ever informed of his right to counsel on any of those prior occasions.

**4.** Because we are reversing the judgment of contempt and order of commitment on Husband's second point, we need not address Husband's third point concerning the contempt judgment.

discretion in the trial court's denial. Point denied.

The trial court's judgment denying Husband's motion to modify is affirmed. The trial court's judgment of contempt and order of commitment is reversed and the trial court's denial of Husband's motion for contempt against Wife is affirmed.

HOFF and DRAPER, JJ., concur.