**Royce RONQUILLE II, Appellant,**

v.

**Sheryl RONQUILLE, Respondent.**

**No. WD 68801.**

Missouri Court of Appeals,
Western District.

Sept. 16, 2008.

 

Marilyn Marcia Shapiro, Kansas City, MO, for appellant.

Scott W. Ross, Maryville, MO, for respondent.

RONALD R. HOLLIGER, Judge.

Royce Ronquille, II appeals the circuit court's judgment denying modification of a dissolution decree to terminate maintenance and change sole physical custody to him. We affirm the judgment as to maintenance because there is substantial evidence that there were no substantial and continuing changed circumstances affecting Sheryl Ronquille's ability to support herself, the judgment is not against the weight of the evidence, and the circuit court correctly applied the law. We also affirm the denial of Father's requested modification of child custody.

## Factual and Procedural Background

The marriage of Royce Ronquille, II (Father) and Sheryl Ronquille (Mother) was dissolved in 2004. Mother and Father have three minor children. The court awarded Mother sole physical custody of the children and awarded joint legal custody. It awarded visitation to Father. Father was ordered to pay child support and provide health insurance for the children. He was also ordered to pay Mother $250 a month as maintenance.

Father earned $28,318 in 2004, $46,337 in 2005, and projected his 2006 income to be $84,000. At the time of the modification hearing he lived with his parents in Texas and planned to continue living there. His parents had loaned him $38,000 prior to the time of the hearing.

Mother was unemployed at the time of the dissolution and had plans to obtain degrees in cosmetology and massage therapy. At the time of the modification hearing, she held a degree in cosmetology and

was studying massage therapy. For a time, she also pursued a business degree but was unsuccessful. She held only two jobs between the dissolution and the modification hearings, both as a stylist. One was for two and one half weeks and the other for three and one half months. She was unemployed at the time of the modification hearing.

Mother was behind on her rent in 2006 and was evicted from her residence. She then moved in with a friend. Mother was to finish massage therapy school two weeks after the modification hearing and stated she "knew" she would find a job and become self-supporting.

Father moved the court for modification of child custody, visitation, child support, and maintenance on August 8, 2005. The court overruled the motion as to modification of custody, finding, "Petitioner did not show a substantial and continuous change in circumstances." The court similarly overruled the motion as to child support and maintenance. Regarding maintenance, the court specifically found, "Respondent had been in school and job training for the past two years and is not yet gainfully employed." However, the court granted Father's request to modify visitation, as both parties had agreed to this change. Both parties also filed motions for contempt which were overruled.

Father then filed a motion "to reconsider judgment of modification, set aside judgment and for a new trial." He argued that the court's failure to make findings under section 452.375(2), RSMo.2000, regarding the best interest of the children, was error. He also argued that the court's findings were against the weight of the evidence. The court did not rule on Father's motion and Father now appeals.

## Standard of Review

We will sustain the circuit court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## Discussion

■ In his first point, Father contends the trial court's refusal to terminate the maintenance award was error because Mother had become self-supporting.

"We accept as true the evidence and all inferences therefrom that are favorable to the trial court's judgment and disregard all contrary evidence." *Haynes v. Almuttar*, 25 S.W.3d 667, 671 (Mo.App. W.D. 2000). "We will defer to the trial court even if the evidence could support a different conclusion." *Id.* "We give deference to the trial court's greater opportunity to judge the credibility of witnesses and the weight given opinion evidence." *Id.*

An award of maintenance may be modified only upon a showing of "changed circumstances so substantial and continuing as to make the terms unreasonable." Section 452.370.1, RSMo Cum.Supp.2007. The court is to consider "all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other person with whom he or she cohabits, and the earning capacity of a party who is not employed." *Id.*

■ "A spouse, if physically capable, has a duty to become self-supporting." *Rustemeyer v. Rustemeyer*, 148 S.W.3d 867, 871 (Mo.App. E.D.2004). "The failure of the supported spouse to make a good faith effort to seek employment and achieve financial independence within a reasonable time after dissolution may form the basis for modification of a maintenance award." *Id.*

Father contends that Mother's schooling makes her self-supporting even though she was unemployed at the time of the hearing. Father also argues Mother's statement to the court that she would soon be self-supporting should be taken at face value. Father argues that, in light of this statement, his significant increase in income since the dissolution is irrelevant and cannot be considered by the court. We disagree.

Both Mother's earning capacity and Father's increase in salary must be considered. Section 452.370.1, RSMo 2000. The trial court specifically found that Mother was not gainfully employed at the time of the hearing due to her schooling. It also found that Father's income "is actually $3000 more than the income imputed to him during the original trial...." Father admits this increase in income.

■ Moreover, Mother's statements regarding her future ability to support herself are not determinative. The modification statute is concerned with substantial and continuing changed circumstances of the recipient spouse, and is silent as to the spouse's beliefs, wishes, or plans for the future. Section 452.370, RSMo 2000. "Maintenance awards ... serve the purpose of permitting the receiving spouse to readjust financially during a period of dependency until that spouse can achieve a reasonable measure of self-sufficiency." *Cates v. Cates,* 819 S.W.2d 731, 736 (Mo. banc 1991). The goal is, therefore, actual self sufficiency, and this is true whether or not the recipient spouse believes she will be self sufficient. Father cites no case to support his contention that Mother's statements mandate termination of maintenance.

Mother had been unsuccessful in maintaining steady employment while she pursued her education. Although nearing its end, this schooling was incomplete at the time of the modification hearing, and Mother remained unemployed. We defer to the trial court on its apparent determination that Mother was actively trying to become self-supporting. Moreover, the fact of Father's significantly increased income supports the judgment.

Giving deference to the trial court's credibility determinations and accepting all evidence that Mother was not self-supporting as true, the circuit court's judgment as to maintenance was not against the weight of the evidence. It was supported by substantial evidence and the court correctly applied the law. Point denied.

■ In his second point, Father alleges four grounds on which the trial court erred in refusing to modify physical custody of the children. In his first subpoint he claims that the trial court erred by not making the statutory findings required by sections 452.375.2(2), 452.375.2(4), and 452.375.2(6). Such findings are not required where the trial court has determined that the party seeking to change a custody order has failed to satisfy the required burden of proof. *Wood v. Wood,* 94 S.W.3d 397, 406 (Mo.App. W.D.2003). There we said that the required findings under 452.376 do not come into play in a modification proceeding under 452.410 unless the court has first found the requisite change of circumstances. *Id.* And the public policy findings of section 452.375.4 are likewise not for consideration until the court reaches the question of best interests. *Id.* In *Wood,* we also stated that best interests analysis does not come into play before a change of circumstances has been proven. *Id.*[1] In *Russell v. Russell,*

<hr/>

1. *But cf. Rosito v. Rosito,* ⸺ S.W.3d ⸺, 2008 WL 2962508 (Mo.App.W.D.2008)(No. WD 68689, decided Aug. 5, 2008)(holding trial court should have made findings under

the Supreme Court reaffirmed that, where the proposed modification seeks to deprive one parent of physical custody, both a change in circumstances and best interests need to be proven. 210 S.W.3d 191, 194 (Mo. banc 2007). Such is the case here, as Father sought to change sole custody to himself.[2] Thus the court did not error in not considering the children's best interests unless it erred in not finding the requisite change of circumstances.

■ Because Father sought a change from sole custody to Mother to sole custody to Father, he was required to prove a *substantial* change of circumstances. The *Russell* court limited its express holding to the change from joint custody to sole custody. *Id.* The rationale, however, that a substantial change was required if one party seeks "to deprive one custodial parent of custody altogether" is equally applicable here. *Id.*

■ The trial court specifically found in its order that "Petitioner did not show a substantial and continuous change in circumstances." In one of his subpoints on appeal, Father contends that the trial court did not adequately consider Mother's failure to follow the original parenting plan. In other subsections he contends that Mother failed to cooperate and violated the required relocation notice. Although he complains of error under all three prongs, he only develops an argument that the trial court's decision was against the weight of the evidence. We "exercise extreme caution in considering whether a judgment should be set aside on the grounds that it is against the weight of

the evidence, and will do so only upon a firm belief that the judgment was wrong." *Kinner v. Scott,* 216 S.W.3d 715, 718 (Mo. App. S.D.2007). We have no such belief here. The court was in the best position to determine the credibility of witnesses. Not surprisingly, each parent expressed some negatives about the other. But the children seemed well adjusted and were doing well in school. Father presents no compelling argument that circumstances of the children or of Mother had made the prior custody order unreasonable. The finding that Father had not shown a substantial change in circumstances was not against the weight of the evidence.

The judgment is affirmed.

JOSEPH M. ELLIS, Presiding Judge, and JOSEPH P. DANDURAND, Judge, concur.

---

section 452.375.2 where it had found substantial and continuing changed circumstances, and Father sought change from sole custody in Mother to joint physical custody).

2. In situations where merely the distribution of parenting time is being modified in an original joint physical custody situation, the

movant must show a change of circumstances and that a change is in the child's best interests. *Russell v. Russell,* 210 S.W.3d 191, 194 (Mo. banc 2007). Of course, where visitation time is being modified, section 452.410 expressly limits the burden of proof to best interests.