**In re the Marriage of: Tracy L. BUCK, Petitioner–Appellant,**

v.

**David L. BUCK, Respondent–Respondent.**

No. SD 29198.

Missouri Court of Appeals, Southern District, Division Two.

March 18, 2009.

of extinguishment rendered moot such an inquiry.

Jonathan D. Osborne, Springfield, for Appellant.

Robert J. Foulke, Cassville, (no brief filed), for Respondent.

**NANCY STEFFEN RAHMEYER, Judge.**

David L. Buck ("Father") and Tracy L. Buck ("Mother") were divorced on February 23, 2007; they were awarded joint legal and physical custody of their two children. Father's address in Monett, Missouri, was used for mailing and educational purposes. On July 5, 2007, Father filed a motion and an affidavit in opposition of Mother's attempt to relocate the children, claiming Mother had not provided notice as required by section 452.377.2.[1] Mother filed a countermotion for relocation, in which she claimed that she gave actual notice to Father as early as January 2007 of the possible move.[2] The court denied Mother's motion to modify, did not change the joint legal and physical custody, but modified the parenting time.[3] Mother brings three claims of error.[4] We affirm.

Mother's first point and third point parallel each other and for ease of discussion will be discussed together. In her first point, Mother claims the court erred in denying Mother permission to relocate with the minor children "because Father failed to file a timely Motion in Opposition to relocation" and in her third point, Mother claims the court erred in sustaining Father's Motion in Opposition because Father waived his right to object to the move by acquiescing to the relocation. Mother

---

1. All references to statutes are to RSMo 2000, and all rule references are to Missouri Court Rules (2008), unless otherwise specified.

2. Mother also filed a motion to set aside the dissolution as to custody, visitation, and child support because the judgment was granted by mistake and was irregular. The court denied that motion and Mother did not appeal that order.

3. The modification judgment actually indicates that it was in the best interests of the children that the "visitation" be changed. The proper standard for modification of a joint physical custody judgment is found in section 452.410.1. *Russell v. Russell,* 210 S.W.3d 191, 194 (Mo. banc 2007). Changes in circumstances can justify modifying a judgment so that the arrangements are in the best interests of the child. *Id.*

4. Father has not filed a brief on appeal. There is no penalty for a respondent failing to file a brief, however, this Court is forced to adjudicate Mother's claims of error without the benefit of whatever argument Father might have raised. *Basham v. Williams,* 239 S.W.3d 717, 721 n. 3 (Mo.App. S.D.2007).

claims that she gave verbal notice to Father that she had concerns about her ability to support the minor children in the face of layoffs and pending financial distress as early as Christmas 2006; she testified that Father assured her he understood her concerns and need to relocate.

It is undisputed that in early March 2007 Mother moved from Verona, Missouri, to Republic, Missouri, and that Father physically assisted her in the move; however, the children remained in the Monett School District through the end of that school year. Mother drove the children for their regular custody periods with Father and to school in Monett. The parties both pled that Father was advised by Mother's attorney on June 17, 2007, of her intent to relocate and presumably enroll the children in the Republic school system; however, the trial transcript indicates that Father did not find out about Mother's intention to change the children's school to Republic until the children told Father in July, 2007.[5] Father filed a motion and affidavit in opposition of the relocation on July 5, 2007. Thus, Mother's first and third points concern the sufficiency of Father's objection to the relocation.

Section 452.377.2 provides:

Notice of a proposed relocation of the residence of the child, or any party entitled to custody or visitation of the child, shall be given in writing by certified mail, return receipt requested, to any party with custody or visitation rights. Absent exigent circumstances as determined by a court with jurisdiction, written notice shall be provided at least sixty days in advance of the proposed relocation. The notice of the proposed relocation shall include the following information:

(1) The intended new residence, including the specific address and mailing address, if known, and if not known, the city;

(2) The home telephone number of the new residence, if known;

(3) The date of the intended move or proposed relocation;

(4) A brief statement of the specific reasons for the proposed relocation of a child, if applicable; and

(5) A proposal for a revised schedule of custody or visitation with the child, if applicable.

Mother admits that she did not "strictly" comply with section 452.377.2 in March 2007, but claims that strict compliance with the statute is not necessary, that substantial compliance is sufficient, and cites to *Melton v. Collins,* 134 S.W.3d 749 (Mo. App. S.D.2004), for that proposition. In *Melton,* the issue was whether a certified letter complied with the specific relocation informational requirements of section 452.377; this Court found that the certified letter did not contain those requirements and affirmed the denial of a relocation request and a change of custody. *Id.* at 752–55. Mother in the present case seeks to take the "substantial compliance" language contained in *Melton* one step further by proposing that her verbal notice in March 2007 suffices as substantial compliance with the statutory requirements. We disagree.

As noted in *Melton,* the legislature set forth a specific procedure for a parent who seeks to relocate a minor child. *Id.* at 756 (Rahmeyer, J., concurring). It is clear that written notice by certified mail was intended to provide a starting point for a timely response by the non-moving party. The plain language of the statute provides that the failure to notify a party of a relocation of a child may be considered in a

---

**5.** This Court has not been provided with the written notice to relocate and makes no deter-

mination whether it complied with section 452.377.2.

proceeding to modify custody or visitation with the child. Section 452.377.11. Mother did not comply with the statute prior to her move in March 2007. Father's duty to file a Motion in Opposition to the relocation was not triggered in March and thus he did not "fail" to file a timely motion at that time. Point I is denied.

■ Likewise, Point III is also denied. There is no provision in the statute for acquiescence by physically assisting with the move or continuing with the visitation and custody plan. Mother invites us to create such a waiver; however, the facts of this case do not lend themselves to such a creation. Mother's and Father's actions could certainly be considered by the court in the trial on the relocation request and motions to modify, but Father's actions do not as a matter of law relieve Mother of her obligations to provide statutory notice of relocation. When Father was given notice of Mother's intent to permanently relocate with the children and to modify the decree by changing the address used for mail and educational purposes for the children when enrolling them in the Republic school system, he timely filed an objection. The court then properly held a trial to consider all of the evidence in the cross motions and rendered a decision. Point III is denied.

In her second point, Mother claims:
The Trial Court erred in transferring custody of the minor children to Father because said decision was an abuse of discretion and against the manifest weight of the evidence in that the Court failed to rebut the presumption that a custodial parent remains fit and that there was insufficient evidence that the transfer of custody was in the best interests of the minor children.

■ Although this point clearly does not comply with Rule 84.04 in that it fails to provide in any fashion what facts in the context of this case support Mother's claim

that the trial court committed error, after a careful review of the record, we find the point has no merit. First, Mother claims that there is a presumption that the custodial parent remains fit. If there is such a presumption, the presumption that Father remained fit would also apply as both parents were awarded physical custody. There is no presumption regarding the fitness of either parent in a change of parenting time, thus the court did not err in any ruling regarding the fitness of Mother. There is no merit to the first prong of Mother's argument.

■ Mother's second claim is that there was insufficient evidence that the "transfer of custody" was in the best interests of the minor children. In situations where merely the distribution of parenting time is being modified in an original joint physical custody situation, the moving party must show a change of circumstances and that a change is in the best interests of the children. *Ronquille v. Ronquille*, 263 S.W.3d 770, 774 n. 2 (Mo.App. W.D. 2008). Here, the court modified the parenting time but both parents continue to have joint legal and joint physical custody and Father's address continues to be used for educational and mailing purposes.

Mother does not challenge in her point relied on a finding that there was a change of circumstances per the first prong of section 452.410, but, significantly, both parties pled that the plan needed to be changed. Mother wanted to change the custodial arrangement to omit Father's custody while she worked as it would prove impractical. Likewise, it was impractical to continue the previous parenting plan as long as Mother lived in Republic and Father in Monett. Father indicated that he wanted the parents to continue to cooperate and would have continued with the previous plan had there been some way to transport the children to and from his home so that his time with the children

would not be significantly impaired. At the time of the hearing, that was simply not possible. The court correctly found a change in circumstances.

Mother does challenge in her second point the court's finding that the change in parenting time was in the best interests of the children. In a thorough and detailed parenting plan and judgment, the trial court noted that prior to the relocation request the parties amicably shared nearly equal custodial periods with the two minor children, who attended the Monett schools. Mother did not discuss her plans to move to Republic until February or March of 2007; Father helped her load some of her things in his truck to facilitate the move because he wanted to keep the "good parent relationship with her for the children." Mother continued to take the girls to school in Monett from March 2007 until the end of the 2007 school year. The children were equally successful in the Republic and the Monett schools. The court acknowledged that the quality of Mother's home would be improved with the move to Republic; however, Mother moved without having any employment. Thus, the court could not conclude that the general quality of life of Mother or the children improved.

The court further found that both parents acted in good faith, that both parents had the ability to perform and had willingly performed their functions as mother and father, but that a relocation would necessarily and significantly limit Father's opportunities to have frequent, continuing, relationships with the children. The court noted Father attended all parent/teacher conferences in Monett, coached his daughters' softball and soccer teams, and spent time with the children assisting with home-

work. The children stayed with Father from Wednesday through Sunday or Thursday through Sunday per the parents' agreement. Father had breakfast with the children during his custodial periods and took them to school; he had lunch with the girls at school from time-to-time.[6] The court also noted that even during the parties' separation of more than two years before the dissolution, the parties lived two miles apart and agreed to exercise a split visitation both before and after the dissolution. The parties shared expenses for the children and had a great parenting relationship with both parents participating.

There is substantial evidence to support the finding that it was in the best interests of the minor children to change the parenting time of each parent. Point II is denied. The judgment is affirmed.

LYNCH, C.J., and PARRISH, J., concur.

---

6. Contrary to Mother's assertion on appeal that the issue of the change of address used for educational purposes was not addressed by the trial court, the transcript is replete with discussions of why the change in schools from Monett to Republic precipitated a reduction in Father's parenting time and, thus, the objection to the relocation and the modification motion.