**Mayetta Norlene LAFFEY, Appellant,**

v.

**Patrick Isaac LAFFEY, Respondent.**

**No. WD 59824.**

Missouri Court of Appeals,
Western District.

March 19, 2002.

---

James A. Rahm and Renae L. Ehler, Carrollton, for Appellant.

Patrick E. Richardson, Green City, for Respondent.

Before ROBERT G. ULRICH, P.J., PATRICIA A. BRECKENRIDGE and LISA WHITE HARDWICK, JJ.

ROBERT G. ULRICH, Presiding Judge.

Mayetta Laffey appeals the judgment of the trial court modifying her award of maintenance from $500 per week to $500 per month. She raises several points on appeal. First, Ms. Laffey claims that Patrick Laffey failed to make the requisite showing of a substantial and continuing change of circumstances that rendered the original award unreasonable. Next, she contends that the trial court abused its discretion in denying her motion to dismiss Mr. Laffey's motion to modify. Third, Ms. Laffey contends that the trial court erred in designating the maintenance award as non-modifiable because the court lacked

the statutory authority to make such designation in a judgment modifying maintenance. Fourth, she claims that the trial court erred in reducing the amount of maintenance because the modified amount was based on speculative evidence. Finally, Ms. Laffey argues that the judgment contains unclear and contradictory terms that prevent the reader from being able to readily ascertain the court's intent. The judgment of the trial court is affirmed in part and reversed in part, and the case is remanded to the trial court with directions consistent with this opinion.

## Facts

The parties' 38–year marriage was dissolved in June 1998. The judgment dissolving the marriage disposed of the parties' marital and nonmarital property and their debts. Ms. Laffey was awarded all her lawful interests in pending medical malpractice and personal injury claims. She was also responsible for all medical expenses, estimated at $91,035, relating to those claims. The trial court did not assign a value to Ms. Laffey's claims but provided, "Any substantial recovery at a future date may be a basis for a modification of maintenance, but the Court does not find that it should further impact the division of property." Mr. Laffey was ordered to pay Ms. Laffey $500 per week in maintenance. The maintenance award was designated as modifiable. The judgment was upheld on appeal. *Laffey v. Laffey*, 4 S.W.3d 655 (Mo.App. W.D.1999).

In March 2000, Ms. Laffey's left leg and hip joint were amputated. In April 2000, Ms. Laffey settled her personal injury claim for $175,000. From the settlement, Ms. Laffey received net proceeds of $70,551.79. She paid her attorney's fees and expenses relating to the personal injury claim in the amount of $58,700.78, settled and paid $56,237.82 in medical bills for $37,228.43, and paid attorney's fees and expenses incurred in her divorce case in the amount of $8,519. Mr. Laffey also settled his collateral loss of consortium claim for $12,000. With these proceeds, Mr. Laffey paid all of his outstanding attorney's fees from the divorce case.

In May 2000, Mr. Laffey filed a motion to modify the judgment and decree of dissolution as to maintenance alleging substantial and continuing changes in circumstances including a decrease in his income, deterioration of his health, and the settlement of Ms. Laffey's personal injury case for $175,000.

Ms. Laffey filed a motion for contempt in August 2000 alleging that although Mr. Laffey had paid all required maintenance payments through February 2000 and $300 in early March, he had failed to make any payments thereafter. The trial court issued a show cause order directing Mr. Laffey to appear on September 1, 2000. Following the hearing, the trial court entered a judgment of contempt finding Mr. Laffey in civil contempt of the June 1998 judgment of dissolution. The court found that Mr. Laffey was in arrears on maintenance in the amount of $13,700 plus interest of $346.02. The court further found that Mr. Laffey "failed to prove an inability to pay said amounts and currently has the ability to pay partial spousal maintenance to [Ms. Laffey] and has contumaciously refused to do so." Accordingly, the court ordered Mr. Laffey to be held in the county jail until the arrearage was paid in full but stayed execution until October 1, 2000, to pay the first month's arrearage payment and a like stay, pending said monthly payment, until the second day of each month thereafter. Mr. Laffey made payments of $2,167 to Ms. Laffey for each of months October, November, and December 2000, and paid $500 in January

2001. He made no other payments thereafter.

The hearing on Mr. Laffey's motion to modify was held in February 2001. At the commencement of the hearing, Ms. Laffey presented her motion to dismiss, which was taken with the case. Following the hearing, the trial court entered its judgment modifying the maintenance award and denying Ms. Laffey's motion to dismiss. The court found that since the original judgment of dissolution, substantial and continuing changes of circumstances had occurred that made unreasonable the maintenance award in the original judgment. Specifically, the trial court found that Mr. Laffey's average annual income had decreased, his health had deteriorated, Ms. Laffey had settled her personal injury claim for $175,000, and Mr. Laffey no longer had the ability to meet his financial needs and pay spousal maintenance in the amount of $500 per week. The trial court reduced Ms. Laffey's maintenance award from $500 per week to $500 per month retroactive to May 1, 2000. The trial court also designated the maintenance as non-modifiable and ordered that the maintenance award would terminate once Ms. Laffey begins to receive social security benefits as Mr. Laffey's former spouse, provided she receives at least $500 per month. If the social security payment is not $500 or more per month, Mr. Laffey is to pay Ms. Laffey the difference each month until either parties dies or Ms. Laffey remarries. This appeal by Ms. Laffey followed.

### Standard of Review

■ In an action to modify maintenance, the trial court's judgment will be upheld on appeal unless the judgment is not supported by substantial evidence, it is against the weight of the evidence, or it

erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Adams v. Adams*, 51 S.W.3d 541, 546 (Mo.App. W.D.2001). The appellate court views the evidence and all reasonable inferences drawn therefrom in the light most favorable to the judgment and disregards all evidence and inferences to the contrary. *Adams*, 51 S.W.3d at 546.

### Point I

### Substantial and Continuing Change of Circumstances

■ In her first point on appeal, Ms. Laffey contends that the trial court erred in modifying her maintenance because Mr. Laffey failed to show a substantial and continuing change of circumstances that rendered the original award unreasonable.

■ Section 452.370 governs modification of maintenance. It provides in pertinent part, "[T]he provisions of any judgment respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." § 452.370.1.[1] This statutory standard for modification is designed to be strict so as to discourage recurrent and insubstantial motions for modification. *Lemmon v. Lemmon*, 958 S.W.2d 601, 603 (Mo.App. W.D.1998). Changed circumstances sufficient to support modification of maintenance, therefore, must be proven by detailed evidence. *Id.* The party moving for modification of maintenance bears the burden of proving substantial and continuing change. *Id.*

■ A change in circumstances rises to the requisite statutory level when it renders the obligor spouse unable to pay maintenance at the assigned rate or when the recipient of the support could meet his

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

or her reasonable needs with a lesser amount of maintenance. *Martino v. Martino*, 33 S.W.3d 582, 584 (Mo.App. E.D. 2000); *Sprouse v. Sprouse*, 969 S.W.2d 836, 839–840 (Mo.App. W.D.1998). While a decrease in the income of the spouse paying maintenance or an increase in the income of the spouse receiving maintenance are both relevant factors for the court to consider, neither alone requires the court to modify the amount of maintenance previously ordered. *Draper v. Draper*, 982 S.W.2d 289, 291 (Mo.App. W.D.1998). The ultimate issue remains whether these changes are sufficiently substantial and continuing so as to make the original terms of the decree unreasonable. *Id.* at 291–292.

At the hearing on his motion to modify, Mr. Laffey presented evidence that since the judgment of dissolution in 1998, his income has decreased. The evidence showed that throughout his adult life, Mr. Laffey has relied primarily on farming as his source of income. Mr. Laffey testified that his annual farm income fluctuates from year to year due to commodity prices, weather, and crop varieties. Mr. Laffey further testified that the time of sale of his crops also explained the fluctuations in his yearly income. For instance, Mr. Laffey earned $12,670 in 1999 and $29,337 in 2000 because some crops grown in 1999 were actually sold in 2000. Because Mr. Laffey's farm income in any given year may not truly reflect the income he earns on a regular basis, Mr. Laffey presented, and the trial court properly considered, evidence of his average farm income over a number of years. A party's past, present, and future earning capacity may be considered as competent evidence of a party's ability to pay maintenance. *Nelson v. Nelson*, 14 S.W.3d 645, 650 (Mo.App. E.D.2000). The evidence showed that Mr. Laffey's average farm income at the time of the dissolution in 1998 was $2,248 per month (based on an average of his farm income from 1985 through 1997). At the time of the hearing on his motion to modify, Mr. Laffey's monthly income had decreased to $1,768.58. His average monthly farm income from 1998 through 2000 was $1,698.33, and he also served as a township trustee earning an additional $70.25 per month. Mr. Laffey reported monthly expenses of $1,901 excluding his maintenance payments to Ms. Laffey. This evidence demonstrated that Mr. Laffey no longer has the financial ability to meet his needs and pay spousal maintenance in the amount of $500 per week. The payor spouse's ability to pay is an important consideration in determining whether reduction of maintenance is appropriate. *Adams*, 51 S.W.3d at 547–548; *Theilen v. Theilen*, 911 S.W.2d 317, 319 (Mo.App. W.D.1995).

Ms. Laffey argues that Mr. Laffey refused to provide information regarding his current spouse's income and payments they receive from the State of Missouri and, thus, the trial court did not have all of the information necessary to accurately assess Mr. Laffey's financial situation. She claims that considering this additional income, Mr. Laffey's income actually increased since the date of dissolution. Section 452.370 provides that in determining whether a substantial change in circumstances has occurred, the court shall consider all financial resources of both parties including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other persons with whom he or she cohabits. § 452.370.1. The evidence presented at trial showed that Mr. Laffey is remarried, and his current wife is employed at Hy-Vee. In 1998, she earned $20,394; in 1999, she earned $18,563; and in 2000, she earned $23,167. Mr. Laffey and his cur-

rent wife also have a foster child, and they receive $277 per month from the State of Missouri as foster parents. Nevertheless, Mr. Laffey testified that the expenses of his current wife were not included on his list of expenses. He also testified that his current wife manages the expenses of the foster child. The trial court had sufficient evidence to assess Mr. Laffey's ability to pay maintenance, and its finding that Mr. Laffey's income had decreased since the entry of the judgment dissolving the parties' marriage was supported by substantial evidence. *Adams*, 51 S.W.3d at 548.

The evidence presented at trial also revealed that since the date of dissolution, Ms. Laffey settled her personal injury claim for $175,000. Ms. Laffey was awarded all her lawful interests in pending medical malpractice and personal injury claims in the dissolution decree. She, however, was also allocated all medical expenses, estimated at $91,035, relating to those claims. The trial court did not assign a value to Ms. Laffey's claims but awarded her maintenance of $500 per week and "provided for the maintenance to be modifiable in the event of a significant change in [her] financial circumstances." *Laffey*, 4 S.W.3d at 659. From the settlement of the personal injury claim in April 2000, Ms. Laffey paid her attorney's fees and expenses relating to the claim in the amount of $58,700.78, settled and paid $56,237.82 in medical bills for $37,228.43, and paid attorney's fees and expenses incurred in her divorce case in the amount of $8,519. She then received net proceeds of $70,551.79. With these proceeds, Ms. Laffey purchased a new van, a certificate of deposit, new furniture, and repaid several credit card bills and loans from her son and daughter. The settlement allowed Ms. Laffey to satisfy a large portion of her outstanding medical bills, repay various other bills and loans, and purchase a new van, which provides her with reliable

transportation and is conducive to her physical needs. The settlement constituted a significant change in Ms. Laffey's financial circumstances. Accordingly, the decrease in Mr. Laffey's income and Ms. Laffey's settlement of her personal injury claim together constituted changed circumstances so substantial and continuing as to make the terms of the original maintenance award of $500 per week unreasonable. The first point is denied.

## Point II

### Motion to Dismiss

In her second point on appeal, Ms. Laffey claims that the trial court abused its discretion in denying her motion to dismiss Mr. Laffey's motion to modify. She contends that because Mr. Laffey had been found in contempt of the original judgment for failure to pay his maintenance obligation and had made no effort to purge himself of the contempt, he should not have been allowed to seek affirmative relief from the original judgment in the form of a motion to modify. Ms. Laffey cites the case, *Staples v. Staples*, 895 S.W.2d 265, 267 (Mo.App. E.D.1995), which held, "Parties should not be heard to simultaneously flout and invoke the authority of the court."

Rule 67.03 provides that a defendant may move for an involuntary dismissal of a civil action based on the plaintiff's failure to comply with the rules or any order of the court. An appellate court reviews a trial court's denial of a motion to dismiss under Rule 67.03 for an abuse of discretion. *Willis v. Willis*, 50 S.W.3d 378, 383 (Mo.App. W.D.2001). "Judicial discretion is abused when the order of the trial court is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of

careful consideration." *Id.* (quoting *Nelson v. Nelson,* 14 S.W.3d 645, 649 (Mo. App. E.D.2000)). If reasonable persons can differ about the propriety of the trial court's action, then it cannot be said that the trial court abused its discretion. *Id.*

■ A trial court may not grant a motion to dismiss a motion to modify maintenance merely on the basis that an arrearage in maintenance exists. *Markovitz v. Markovitz,* 945 S.W.2d 598, 600 (Mo.App. E.D.1997). Evidence must be presented that the party making the motion to modify had the ability to comply with the maintenance order. *Id.; Wagner v. Wagner,* 945 S.W.2d 689, 692 (Mo.App. E.D.1997); *Staples,* 895 S.W.2d at 267.

■ The trial court did not abuse its discretion in denying Ms. Laffey's motion to dismiss based upon Mr. Laffey's failure to comply with the original judgment of dissolution. Although Mr. Laffey was found to be in contempt of the judgment for failing to pay his maintenance obligation from March 2000 until the time of the show cause hearing in September 2000 for a total arrearage of $13,700 plus interest, the evidence did not show that Mr. Laffey had an ability to comply with the original judgment. In its judgment of contempt, the trial court found that Mr. Laffey only had the ability to pay *partial* spousal maintenance to Ms. Laffey. As discussed in point one, the trial court found in its judgment reducing Mr. Laffey's maintenance obligation from $500 per week to $500 per month that Mr. Laffey was unable to meet his needs and pay spousal maintenance in the amount of $500 per week, and this finding was supported by substantial and competent evidence. Because evidence was presented that Mr. Laffey was unable to satisfy the previous maintenance obligation of $500 per week, dismissal of his motion to modify for failure to comply with the previous judgment

was not warranted. *See e.g., Willis,* 50 S.W.3d at 385; *Nelson,* 14 S.W.3d at 649. The second point is denied.

## Point III

### Designation of Modified Maintenance Award as Non–Modifiable

In her third point on appeal, Ms. Laffey claims that the trial court erred in designating her maintenance award as non-modifiable. She contends that the trial court lacked the statutory authority to make such a redesignation in its judgment modifying maintenance.

■ Section 452.335 requires a trial court to designate whether a maintenance award is modifiable or non-modifiable. § 452.335.3; *Haynes v. Almuttar,* 25 S.W.3d 667, 674 (Mo.App. W.D.2000). Section 452.335.3, however, applies only to the initial decree of dissolution. *Haynes,* 25 S.W.3d at 674. A modification of a maintenance award is governed by section 452.370. *Id.* Section 452.370 contains no statutory authority permitting a trial court to designate a modification of maintenance judgment as either modifiable or non-modifiable. *Id.* The trial court in this case was, therefore, without statutory authority to designate its judgment modifying maintenance as non-modifiable. *Id.* The portion of the judgment making such designation is reversed. The cause is remanded for the trial court to strike that portion of the judgment.

## Point IV

### Amount of Maintenance

■ In the next point on appeal, Ms. Laffey claims that the trial court erred in reducing the amount of maintenance to be paid by Mr. Laffey. She argues that the modified amount of maintenance was based on speculative evidence regarding

an undetermined amount of social security benefits to be received by Ms. Laffey as a former spouse and Mr. Laffey's future income. In the judgment of modification, the trial court reduced Ms. Laffey's maintenance award to $500 per month and ordered that the award would terminate once she begins to receive social security benefits as Mr. Laffey's former spouse, provided she receives at least $500 per month. If the social security payment is not $500 or more per month, Mr. Laffey is to pay Ms. Laffey the difference each month until either party dies or Ms. Laffey remarries.

 The trial court has considerable discretion as to the allowance and amount of maintenance payments. *Adams,* 51 S.W.3d at 546. In determining a spouse's ability to support himself or herself in the future, the trial court may consider probable future prospects, but the evidence must justify the inference that the spouse will realize such expectations. *Burrus v. Burrus,* 754 S.W.2d 882, 886 (Mo.App. W.D.1988). "Maintenance shall not be prospectively decreased or terminated if there is no evidence nor reasonable expectation that the circumstances of the parties will be markedly different in the future." *Id.* The benefits or potential benefits derived from social security are economic factors to be considered, along with other factors, in the award of maintenance. *Hogan v. Hogan,* 796 S.W.2d 400, 407 (Mo.App. E.D.1990).

The record demonstrated that Ms. Laffey has a reasonable expectation that she will receive in the near future social security benefits as a former spouse. Mr. Laffey testified that he intended to apply for social security benefits when he reached the age of 65 in December 2001 although he was unaware of the amount of benefits he would receive. Ms. Laffey testified that when Mr. Laffey starts to receive social security benefits, she will be enti-

tled, as a former spouse, to monthly benefits of one-half of Mr. Laffey's monthly benefits. She testified that Mr. Laffey will receive approximately $1,000 per month, and she will receive approximately $500 per month. Although the record does not include the exact amount of social security benefits Ms. Laffey will receive as a former spouse, the amount of income Ms. Laffey is to receive is not indeterminable. The trial court intended that Ms. Laffey receive a set amount, $500 per month, to help her meet her reasonable needs. This amount is in addition to any other income she receives, including $118 per month she receives from another social security account and from farm income. The sum of $500 per month is to come from either maintenance payments from Mr. Laffey, social security benefits Ms. Laffey will receive as a former spouse, or a combination of the two sources. The trial court's judgment effectively made Mr. Laffey the guarantor that Ms. Laffey receives the $500 per month maintenance award. Whatever the source, Ms. Laffey will receive a determinable amount of income. The trial court's judgment reducing Ms. Laffey's maintenance award dollar-for-dollar based on social security benefits she will receive as a former spouse was supported by substantial evidence. *Id.* at 406–407. Additionally, the record showed that the needs of both parties far exceeds the funds available. Because of the parties' financial situations, the trial court's crafting of the judgment to address the parties' imminent receipt of social security benefits minimized the need for a future modification and the expense associated with such proceeding. *In re Marriage of Tappan,* 856 S.W.2d 362, 369 (Mo.App. S.D.1993).

Finally, Ms. Laffey claims that the modified amount of maintenance was based on speculative evidence regarding Mr. Laf-

fey's inability to continue farming in the future because of a deterioration of his health. Nothing in the trial court's judgment, however, indicates that it based the modified amount of maintenance on such evidence. The point is denied.

## Point V

### Unclear and Contradictory Judgment

In the final point on appeal, Ms. Laffey claims that the trial court erred in modifying maintenance because the judgment contains unclear and contradictory terms that prevent the reader from being able to readily ascertain the court's intent. Specifically, Ms. Laffey claims that the paragraphs in the judgment addressing Mr. Laffey's maintenance arrearage are unclear. Mr. Laffey admits that the language of the judgment regarding this issue is confusing, but he asserts that any confusion can be readily clarified by a review of the record. The first paragraph regarding Mr. Laffey's arrearage is found in the trial court's findings of fact:

2. That this Court found on September 1, 2000, that Respondent had paid in full all spousal maintenance herein previously Ordered through the month of February, 2000, and had paid $300.00 toward said obligation for the month of March, 2000, and this Court now finds that since said date Respondent has paid in full the required maintenance payments for three additional months plus an additional $300.00 to the effect that he is now current through the month of May, 2001, with $600.00 credit on the June, 2001, payment.

The second paragraph at issue is found in the decretal portion of the judgment:

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that the modified maintenance amount be applied retroactive to May 1, 2000, leaving an arrearage of $4,200.00.

Respondent's arrearage from May 1, 2000, through the date of this judgment is $5,000.00.

Construction of a court order is a question of law requiring the independent assessment of the appellate court. *State ex rel. Div. of Child Support Enforcement v. Hill*, 53 S.W.3d 137, 141 (Mo. App. W.D.2001). The general rules of construction for a written instrument are used to construe a court judgment. *Id.* The test for whether an ambiguity exists is whether the judgment "is reasonably susceptible to different constructions." *Id.* (quoting *Disabled Veterans Trust v. Porterfield Constr., Inc.*, 996 S.W.2d 548, 552 (Mo. App. W.D.1999)). In construing an ambiguous judgment, an appellate court's task is to ascertain the intention of the trial court in entering the judgment. *Id.*

The judgment in this case relating to Mr. Laffey's maintenance arrearage is reasonably susceptible to different constructions and, therefore, is ambiguous. The judgment declares two different arrearage amounts from May 1, 2000, i.e. $5,000 and $4,200. The entire record, therefore, must be searched for clues in attempting to divine the intentions of the trial court. *Jacobs v. Georgiou*, 922 S.W.2d 765, 769 (Mo.App. E.D.1996). The record reflects that Mr. Laffey had paid in full all maintenance payments from the date of the dissolution decree through February 2000, and he had paid $300 towards his March 2000 maintenance obligation. He did not make any further maintenance payments in March 2000 or from April through September 2000. The trial court found Mr. Laffey in civil contempt in September for failing to make the required maintenance payments and ordered him to be held in the county jail until the arrearage was paid in full. The trial court granted Mr. Laffey a stay of execution until October 1, 2000, to

pay the first month's arrearage payment and a like stay, pending a monthly payment, for each month thereafter. Mr. Laffey made monthly payments of $2,167 in each of the months of October, November, and December 2000, and paid $500 in January 2001. Under the terms of the judgment of contempt, these payments were applied against the first month's arrearage, i.e. March 2000. Consequently, the payments made in October, November, and December 2000 were applied to the amounts due in March, April, and May 2000. Additionally, Mr. Laffey had paid $300 for the month of March 2000 and $500 for the month of January 2001. In its judgment modifying maintenance from $500 per week to $500 per month, the trial court made the modification retroactive to May 1, 2000. Mr. Laffey's arrearage for the ten months from May 2000 through February 2001 was, therefore, $5000 (10 months × $500 per month). Accordingly, that portion of the trial court's judgment concluding that Mr. Laffey's arrearage from May 1, 2000, through the date of the judgment to be $5,000.00 is sustained. The trial court then apparently intended to credit this arrearage by the payments made by Mr. Laffey after May 1, 2000. The record indicates that Mr. Laffey is entitled to a credit against the arrearage amount in the sum of $2,967 for the $2,167 payment for the month of May 2000, the $300 payment made in March 2000, and the $500 payment made in January 2001. Mr. Laffey's net arrearage supported by the record, therefore, is $2,033. The portion of the judgment finding a net arrearage of $4,200 is reversed. The case is remanded to the trial court for correction of the findings of fact and the judgment regarding Mr. Laffey's arrearage consistent with this opinion.

The judgment of the trial court is affirmed in part, reversed in part, and the case is remanded to the trial court with direction.

BRECKENRIDGE and HARDWICK, JJ., concur.